UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

JERROLD S. KULBACK
DOUGLAS G. LENEY
ARCHER & GREINER
A Professional Corporation
1025 Laurel Oak Road
Voorhees, NJ  08043
Tel: (856) 795-2121
jkulback@archerlaw.com
dleney@archerlaw.com
*Attorneys for Plaintiffs, Steward Capital
Holdings LP; and Avenaero Holdings, LLC*

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>          Debtor. | Chapter 11<br><br>Case No. 25-11354-JNP |
| STEWARD CAPITAL HOLDINGS LP; and AVENAERO HOLDINGS, LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>DARYL FRED HELLER,<br><br>          Defendant. | Adv. Pro. No. 25- |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiffs, Steward Capital Holdings LP ("Steward") and Avenaero Holdings, LLC

("Avenaero") (collectively, "Plaintiffs"), by and through their attorneys, Archer & Greiner, P.C.,

as and for its Complaint against the above-captioned debtor, Daryl Fred Heller (the "Debtor" or

"Defendant"), respectfully alleges as follows:

**JURISDICTION AND VENUE**

1.      On February 10, 2025 (the "Petition Date"), the Debtor filed a joint voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), Case Number 25-11354-JNP (the "Bankruptcy Case").

2.      This Court has jurisdiction of this adversary proceeding pursuant to, *inter alia*, 28 U.S.C. § 1334, Rules 4004(a), 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 11 U.S.C. §§ 523 and 105(a).  This adversary proceeding is a core proceeding under 28 U.S.C. § 157(2)(I).

3.      Venue of this adversary proceeding in this judicial district is appropriate pursuant to 28 U.S.C. § 1409(a), as this proceeding arises in or is related to a case arising under Title 11, which is presently venued in this district as set forth above.

**PARTIES**

4.      Steward is a limited partnership organized under the laws of the State of Delaware with its principal place of business located at 3900 S. Overland Avenue, Springfield, MO 65807.

5.      Avenaero is a limited liability company organized under the laws of the State of Tennessee with its principal place of business located at 2126 N. Rocky Top Road, Battlefield MO 65619.

6.      According to documents filed in the Bankruptcy Case, the Defendant, Daryl Fred Heller, is an adult individual maintaining an address at 909 Greenside Drive, Lititz, PA 17543.

**FACTS COMMON TO ALL COUNTS**

A.     **The Steward Loan**

7.     Golden Gate Investment Company, LLC ("Golden Gate"), is a limited liability company organized under the laws of the State of Pennsylvania.

8.     Paramount Management Group, LLC ("Paramount"), is a limited liability company organized under the laws of the State of Pennsylvania.

9.     At all times relevant hereto, Heller Capital Group, LLC ("HCG") was a member and authorized signatory of both Golden Gate and Paramount.

10.    At all times relevant hereto, the Debtor was the CEO and authorized signatory of HCG.

11.    On February 13, 2024, Golden Gate and Paramount (collectively, the "Obligors"), being indebted to Steward in the principal amount of $4,000,000 (the "Steward Loan") executed and delivered to Steward a Promissory Note and Security Agreement (the "Steward Note").  A true and correct copy of the Steward Note is annexed as **Exhibit "A"** and incorporated herein by reference.

12.    Under the terms of the Steward Note, Obligors agreed to pay interest-only payments on the Steward Loan at eighteen percent (18%) per annum, beginning April 1, 2024, and continuing thereafter on the 1st day of each month thereafter until the Steward Loan was paid in full.  Barring an Event of Default under the Steward Note, the Steward Loan was to be paid in full either upon sixty (60) calendar days written demand by Steward or, if no demand was made, by February 13, 2026.  See, ¶ 1 of the Steward Note.

13.    The Steward Note provides that Obligors' failure to make the interest-only payments or any other payment required thereunder shall be deemed an "Event of Default" if

such payment is not cured within 15 days of receiving written notice from Steward.  <u>See</u>, ¶ 6(b)(i) of the Steward Note.

14. In the Event of Default, the Steward Note provides that the outstanding principal balance of the Steward Loan, and all accrued and unpaid interest thereon shall be accelerated and become immediately due and payable, and the Steward Loan will bear interest at the default rate of interest of twenty percent (20%) per annum. <u>See</u>, ¶ 6(c) of the Steward Note.

15. Obligors failed to make the required interest-only payment on the Steward Loan on July 1, 2024.

16. As a result of this default, on July 11, 2024, Steward issued a written Notice of Default to Obligors, demanding that Obligors cure the default within 15 days.  A true and correct copy of the Notice of Default is annexed as **Exhibit "B"** and incorporated herein by reference.

17. Obligors failed to cure the aforementioned default within 15 days.

18. On August 6, 2024, Steward, through its counsel, issued a written Notice of Acceleration, Demand for Payment, and Demand for Turnover and Reservation of Rights to Obligors demanding payment in full.  A true and correct copy of the Notice of Acceleration, Demand for Payment, and Demand for Turnover and Reservation of Rights is annexed as **Exhibit "C"** and incorporated herein by reference.

19. Obligors failed to pay the Steward Loan in full as demanded.

20. As of the Petition Date, the following sums are due and owing on the Steward Loan:

| Principal: | $4,000,000.00 |
|---|---|
| Accrued Unpaid Interest: | $383,671.23 |
| Late Fee: | $10,094.64 |
| Exit Fee (5%) per 3 of the Steward Note: | $20,000.00 |
| **TOTAL:** | **$4,413,765.87** |

**B.      The Avenaero Loan**

21.      On February 13, 2024, Obligors, being indebted to Avenaero in the principal amount of $1,000,000 (the "Avenaero Loan") executed and delivered to Avenaero a Promissory Note and Security Agreement (the "Avenaero Note").  A true and correct copy of the Avenaero Note is annexed as **Exhibit "D"** and incorporated herein by reference.

22.      Under the terms of the Avenaero Note, Obligors agreed to pay interest-only payments on the Avenaero Loan at eighteen percent (18%) per annum, beginning April 1, 2024, and continuing thereafter on the 1st day of each month thereafter until the Avenaero Loan was paid in full.  Barring an Event of Default under the Avenaero Note, the Avenaero Loan was to be paid in full either upon sixty (60) calendar days written demand by Avenaero or, if no demand was made, by February 13, 2026.  See, ¶ 1 of the Avenaero Note.

23.      The Avenaero Note provides that Obligors failure to make the interest-only payments or any other payment required thereunder shall be deemed an "Event of Default" if such payment is not cured within 15 days of receiving written notice from Avenaero. See, ¶ 6(b)(i) of the Avenaero Note.

24.      In the Event of Default, the Avenaero Note provides that the outstanding principal balance of the Avenaero Loan, and all accrued and unpaid interest thereon shall be accelerated

5

and become immediately due and payable, and the Avenaero Loan will bear interest at the

default rate of interest of twenty percent (20%) per annum. See, ¶ 6(c) of the Avenaero Note.

25.    Obligors failed to make the required interest-only payment on the Avenaero Loan

on July 1, 2024.

26.    As a result of this default, on July 11, 2024, Avenaero issued a written Notice of

Default to Obligors, demanding that Obligors cure the default within 15 days.  A true and correct

copy of the Notice of Default is annexed as **Exhibit "E"** and incorporated herein by reference.

27.    Obligors failed to cure the aforementioned default within 15 days.

28.    On August 6, 2024, Avenaero, through its counsel, issued a written Notice of

Acceleration, Demand for Payment, and Demand for Turnover and Reservation of Rights to

Obligors demanding payment in full.  A true and correct copy of the Notice of Acceleration,

Demand for Payment, and Demand for Turnover and Reservation of Rights is annexed as

**Exhibit "F"** and incorporated herein by reference.

29.    Obligors failed to pay the Avenaero Loan in full as demanded.

30.    As of the Petition Date, the following sums are due and owing on the Avenaero

Loan:

| | |
|---|---|
| Principal: | $1,000,000.00 |
| Accrued Unpaid Interest: | $211,863.00 |
| Exit Fee (5%) per 3 of the Avenaero Note: | $5,000.00 |
| **TOTAL:** | **$1,216,863.00** |

**C.**    **Debtor's Misrepresentations Regarding Collateral for the Loans**

31.    As security for the indebtedness due under the Steward Note and Avenaero Note

(collectively, the "Notes"), Golden Gate granted to Plaintiffs a security interest in approximately

6

584 digital currency kiosk machines ("DCMs"), as well as the cash in each DCM, as more fully identified in the Notes (the "Collateral").  See, ¶ 2 and Exhibit A of the Notes.

32.     The Debtor signed both of the Notes on behalf of the respective Obligors.

33.     The Debtor specifically represented to Plaintiffs that the DCMs were owned by Golden Gate, and were not then subject to any security interest except as created by the Notes.

34.     Neither of the Plaintiffs would have made their respective Loan to Obligors without the grant of the security interest in the Collateral as represented by Debtor.

35.     Steward's security interest in the DCMs was properly perfected by the filing if a UCC-1 Financing Statement with the Commonwealth of Pennsylvania, Department of State, Bureau of Corporations and Charitable Organizations on March 6, 2024, as File No. 20240306045680.  A true and correct copy of the filed UCC-1 Financing Statement is attached hereto as **Exhibit "G"** and incorporated herein by reference.

36.     Avenaero's security interest in the DCMs was properly perfected by the filing if a UCC-1 Financing Statement with the Commonwealth of Pennsylvania, Department of State, Bureau of Corporations and Charitable Organizations on March 6, 2024, as File No. 20240306045671.  A true and correct copy of the filed UCC-1 Financing Statement is attached hereto as **Exhibit "H"** and incorporated herein by reference.

37.     As a result of the Obligors' defaults described hereinabove, on November 22, 2024, Plaintiffs filed a Complaint in the United States District Court for the Eastern District of Pennsylvania (the "District Court"), captioned as *Steward Capital Holdings LP, et al. v. Golden Gate Investment Company, LLC, et al.*, Case No. 24-cv-06257, against Obligors seeking, *inter alia*, judgment on the Note and replevin of the Collateral (the "District Court Action").

7

38.     On January 2, 2025, the District Court entered an Order (the "Receiver Order")
appointing Steven J. Mitnick, Esquire as receiver over the DCMs and cash therein (the
"Receiver").

39.     The Receiver Order specifically required the Obligors, and their officers, and all
other persons in active concert of participation with them, who receive actual notice of the Order,
to cooperate with the Receiver, including, but not limited to, providing the Receiver with
information regarding and access to the DCMs.

40.     The Receiver Order was served upon the Obligors, care of the Debtor, on January
3, 2025, by e-mail and Federal Express.

41.     Neither the Obligors nor the Debtor complied with the Receiver Order.

42.     Subsequently, it was discovered that the majority of the DCMs that were pledged
by Golden Gate to Plaintiffs as Collateral had previously been pledged in or around December
2023, by PowerCoin, LLC to Chicago Atlantic Admin, LLC, as administrative agent, for a loan
made by that creditor to PowerCoin, LLC.

43.     Accordingly, the Debtor made material misrepresentations to Plaintiffs regarding
ownership (and lien status) of the DCMs, made such misrepresentations with knowledge of their
falsity, and made such misrepresentations with the intent to induce Plaintiffs to rely upon same in
making the Loans.

44.     Plaintiffs each justifiably relied upon these misrepresentations, and have been
damaged as a result; specifically, in the amount of the Loans, plus accruing interest, fees, costs,
and other applicable charges.

**D.**     **Debtor's Misrepresentations Regarding Investment in "Project Catapult"**

45. In addition to the Loans, in reliance upon material misrepresentations made by the Debtor to Plaintiffs regarding the assets and operations of Project Catapult, LLC, a Delaware limited liability company ("Project Catapult"), Plaintiffs were induced into making certain equity investments in Project Catapult.

46. Specifically:

(a) Steward invested $2,000,000 for 1,652 Units of membership equaling 16.52% of the ownership of Project Catapult; and

(b) Avenaero invested $1,000,000 for 826 Units of membership equaling 8.26% of the ownership of Project Catapult.

47. In order to induce Plaintiffs' equity investment in Project Catapult, the Debtor presented Plaintiffs with one or more prospectuses and pro forma "slide decks," which purported to set forth the capitalization table, assets/liabilities, and projected cash flows for Project Catapult.

48. However, upon information and belief, these prospectuses and slide decks materially misrepresented the actual asset and liability base of Project Catapult, as well as the various forms of investment being sought from other investors.

49. The Debtor made these misrepresentations to Plaintiffs with knowledge of their falsity, and made such misrepresentations with the intent to induce Plaintiffs to rely upon them in making their respective investments in Project Catapult.

50. Plaintiffs justifiably relied upon the Debtor's misrepresentations, and each has been damaged in the amount of no less than the amount invested by such Plaintiff.

51. At all times relevant hereto, the Debtor served as:

(a)      the CEO and authorized signatory of HCG, which in turn was a member and authorized signatory of both Golden Gate and Paramount;

(b)      the primary point of contact with the Plaintiffs for all matters regarding the Loans and investments made in Project Catapult; and

(c)      the individual who made the various misrepresentations set forth hereinabove.

52.      As such, the Debtor was directly, significantly and personally involved in the commission of the intentional torts described herein (i.e., the fraud), which warrants his being held personally liable for the Plaintiffs' damages under, *inter alia*, the participation theory, as recognized by the New Jersey Supreme Court in Saltiel v. GSI Consultants, Inc., 170 N.J. 297 (2002).

## COUNT I
### (11 U.S.C. § 523(a)(2)(A))

53.      Plaintiffs hereby repeat and incorporate by reference each and every allegation of the foregoing paragraphs of this Complaint as if set forth at length herein.

54.      The acts and conduct of the Debtor described hereinabove constitutes the obtaining of money, property, and/or the extension of credit from Plaintiffs by false pretenses, false representations, and/or actual fraud pursuant to 11 U.S.C. § 523(a)(2)(A).

**WHEREFORE**, Plaintiffs demand judgment against the Debtor/Defendant for monetary damages in the sum of (i) all amounts due under the Loans to Plaintiffs, including, without limitation, all accrued interest, fees, costs, and other applicable charges due thereunder, and (ii) all amounts Plaintiffs were fraudulently and wrongfully induced to invest in Project Catapult, and excepting such damages, or such portion thereof as the Court deems just, from discharge in

this Bankruptcy Case or any future bankruptcy case filed by or against Debtor/Defendant,
together with attorneys' fees, costs, and such other and further relief as the Court deems
appropriate.

### COUNT II
### (11 U.S.C. § 523(a)(4))

55.     Plaintiffs hereby repeat and incorporate by reference each and every allegation of
the foregoing paragraphs of this Complaint as if set forth at length herein.

56.     The acts and conduct of the Debtor/Defendant described hereinabove constitutes
fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny pursuant to 11
U.S.C. § 523(a)(4).

**WHEREFORE**, Plaintiffs demand judgment against the Debtor/Defendant for monetary
damages in the sum of (i) all amounts due under the Loans to Plaintiffs, including, without
limitation, all accrued interest, fees, costs, and other applicable charges due thereunder, and (ii)
all amounts Plaintiffs were fraudulently and wrongfully induced to invest in Project Catapult,
and excepting such damages, or such portion thereof as the Court deems just, from discharge in
this Bankruptcy Case or any future bankruptcy case filed by or against Debtor/Defendant,
together with attorneys' fees, costs, and such other and further relief as the Court deems
appropriate.

### COUNT III
### (11 U.S.C. § 523(a)(6))

57.     Plaintiffs hereby repeat and incorporate by reference each and every allegation of
the foregoing paragraphs of this Complaint as if set forth at length herein.

58.    The acts and conduct of the Debtor/Defendant described hereinabove constitute willful and malicious injury by the Debtor/Defendant to Plaintiffs and/or to the property of Plaintiffs pursuant to 11 U.S.C. § 523(a)(6).

**WHEREFORE**, Plaintiffs demand judgment against the Debtor/Defendant for monetary damages in the sum of (i) all amounts due under the Loans to Plaintiffs, including, without limitation, all accrued interest, fees, costs, and other applicable charges due thereunder, and (ii) all amounts Plaintiffs were fraudulently and wrongfully induced to invest in Project Catapult, and excepting such damages, or such portion thereof as the Court deems just, from discharge in this Bankruptcy Case or any future bankruptcy case filed by or against Debtor/Defendant, together with attorneys' fees, costs, and such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: May 19, 2025          ARCHER & GREINER
       Voorhees, New Jersey       A Professional Corporation

By:   */s/  Douglas G. Leney*
     Douglas G. Leney
     Jerrold S. Kulback
     1025 Laurel Oak Road
     Voorhees, NJ  08043
     Tel: (856) 795-2121
     jkulback@archerlaw.com
     dleney@archerlaw.com
     *Attorneys for Plaintiffs, Steward*
     *Capital Holdings LP; and Avenaero*
     *Holdings, LLC*

230487889 v1